Jordan Greenberger, Esq.
J. GREENBERGER, PLLC
*Counsel for Plaintiff*
*Mailing*: 41 Watchung Plaza, #334, Montclair, NJ 07042
NY: 500 7th Ave., 8th Fl., New York, NY 10018
Tel: (718) 502-9555
jordan@jgreenbergerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN KRALJEVICH,<br><br>                          Plaintiff,<br><br>          -against-<br><br>COURSER ATHLETICS, INC., MICHAEL PETRY, GREGG SPIRO and LAURIE SPIRO,<br><br>                          Defendants. | No. 21-cv-9168<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff John Kraljevich ("Mr. Kraljevich," "Johnny" or "Plaintiff"), for his complaint against defendants Courser Athletics, Inc. ("Courser"), Michael Petry ("Mr. Petry" or "Michael"), Gregg Spiro ("Mr. Spiro" or "Gregg") and Lauri Spiro ("Mrs. Spiro" or "Lauri") (Michael, Gregg and Lauri, collectively, the "Individual Defendants"; Courser and the Individual Defendants, collectively, "Defendants"), pleads the following:

## PRELIMINARY STATEMENT

1.   Defendants are willfully infringing Mr. Kraljevich's copyrighted works by manufacturing, importing, distributing and selling high-priced athletic sneakers that copy Mr. Kraljevich's shoe designs without his authorization.

2.   Defendants are also liable for failing to compensate Mr. Kraljevich for services that he provided.

## JURISDICTION & VENUE

3.   This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*) (the "Act"), and therefore the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4.   The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is appropriate in this district because, on information and belief, Defendants or their agents may be found in this district (28 U.S.C. § 1400(a)); and, on information and belief, the infringing products are transported and sold in this district (28 U.S.C. § 1391(b)(2)) and Defendants are otherwise subject to the court's personal jurisdiction.

## PARTIES

6.   Mr. Kraljevich is a resident of the State of New York.

7.   On information and belief, Courser is a Delaware corporation authorized to do business in the State of New York.  On further information and belief, Courser: (a) has places of business at 37 Batchelder Road, Boxford, MA 01921 and at One York Street, New York, New York 10013; (b) identifies its address as One York Street, New York, NY on Courser's Twitter page (https://twitter.com/courserworld) [last visited November 5, 2021]; (c) identifies the following with the New York Secretary of State as its address for service of process: "herbsman hafer weber & frisch llp attn: dorothy m. weber, esq., 494 8th avenue, sixth floor, NEW YORK, NY, United States, 10001"; and (d) is otherwise subject to the court's personal jurisdiction.

8.   On information and belief, Mr. Petry resides at One York Street, 10C, New York, NY 10013, and he is the chief executive officer (CEO) of Courser.

9.   On information and belief, Mr. Spiro resides at 37 Batchelder Road, Boxford, MA 01921, MA, and he is the chief operating officer (COO) of Courser.

10. On information and belief, Mrs. Spiro resides with Mr. Petry at One York Street, 10C, New York, NY 10013, and she identifies herself as a designer and co-founder of Courser.

11. On information and belief, Michael Petry and Laurie Spiro are married, and Gregg Spiro is Laurie's brother.

## FACTS APPLICABLE TO ALL CAUSES

12. Mr. Kraljevich is an accomplished designer of athletic and luxury footwear, who over the course of his career has designed shoes for numerous well-known brands.

13. In or about 2005, Mr. Kraljevich and Mr. Petry met and became friends while both working together for a third-party footwear brand.

14. Over the next approximately thirteen years, Mr. Kraljevich and Mr. Petry worked at various other brands, but they stayed in touch and remained friends.

15. In or about early 2018, Mr. Kraljevich approached Mr. Petry about co-founding a new brand called COURSER.

16. Mr. Kraljevich and Mr. Petry agreed to co-found the new COURSER brand.

17. Mr. Kraljevich and Mr. Petry thereafter embarked on launching the new COURSER brand, which eventually focused on luxury athletic footwear.

18. Mr. Petry acted as the brand's Chief Executive Officer, Mr. Kraljevich acted as the Chief Creative Officer, and Mr. Spiro was later added to the founding team to act as the Chief Financial Officer.

19. For approximately one and a half years, Mr. Kraljevich, Mr. Petry and Mr. Spiro worked together to build the new COURSER brand.

20. Mr. Kraljevich's primary role was to design COURSER's initial product offering, which would be a pair of luxury sneakers, as well as overseeing its development into production.  Mr. Kraljevich took multiple trips to Italy for sourcing and development of the shoe.

21. In his role as designer of the new shoes, Mr. Kraljevich authored numerous copyrightable images of shoes, including digital drawings of the top, bottom, and sides of shoes, and photographs of prototypes at various angles (collectively, the "Shoe Design").

22. Mr. Kraljevich has two copyright registrations related to the Shoe Design: (i) registration number VAu001397981, dated April 27, 2020 for the visual works entitled "Courser Line Art Lateral and 4 Other Unpublished Works"; and (ii) registration number VAu001396841, dated April 26, 2020 for the visual works entitled "Kraljevich Sneaker Prototype Photos."

23. Mr. Kraljevich is the author of the Shoe Design.

24. Defendants are not co-authors of the Shoe Design.

25. Defendants did not make any independently copyrightable contributions to the Shoe Design.

26. Mr. Petry identified Mr. Kraljevich to various third parties (e.g., potential manufacturers in Italy, potential investors) as the designer of the new shoes.  For example, in materials prepared for presentation to potential investors, Mr. Kraljevich was identified as "Chief Creative Officer", and the "Head of Design" and a co-founding 15% member of the brand.  In another document entitled "2018 Concept," Mr. Kraljevich was identified as "Creative Director/Designer".

27. Mr. Kraljevich also designed the COURSER logos.

28. At all relevant times, Defendants had access to the Shoe Design.  For example, Mr. Kraljevich emailed the Shoe Design to Mr. Petry and Mr. Spiro, and the Shoe Design was used by Defendants to make prototypes, and ultimately, the Infringing Products.

29. The Shoe Designs are not works made for hire.

30. At the time Mr. Kraljevich authored the Shoe Design, he was not an employee of Courser or any other Defendant.

31. At the time Mr. Kraljevich authored the Shoe Design, there was no signed work made for hire agreement with any of the Defendants.

32. Nor was the Shoe Design a work specially ordered or commissioned for use as a contribution to a collective work, as part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructions text, as a test, as answer material for a test, or as an atlas.  17 U.S.C. 101.

33. Mr. Kraljevich was not simply a "gun for hire".

34. Instead, Mr. Petry and Mr. Spiro represented to Mr. Kraljevich that he was a shareholder in the COURSER brand and Mr. Kraljevich reasonably considered himself partners with Mr. Petry in co-founding the COURSER brand.

35. Mr. Kraljevich has not, however, received any share certificates in Courser nor has he received tax documentation from Courser identifying him as a shareholder.  Nor was there a formal partnership/shareholders' agreement documenting the relationship.

36. Mr. Kraljevich also did not receive any financial renumeration from Defendants for his authoring of the Shoe Design.

37. On or about July 29, 2019, after the Shoe Design had already been authored by Mr. Kraljevich, Mr. Kraljevich requested an accommodation: that Courser identify him as an employee.

38. This arrangement was not meant to disrupt Mr. Kraljevich's ownership interest in the COURSER brand.  For example, on or about July 30, 2019, Mr. Spiro emailed Mr. Kraljevich in pertinent part: "We will figure it out and get you what you need and won't affect your equity…"

39. On information and belief, Mr. Kraljevich and Courser then executed an agreement, dated July 29, 2019, concerning Mr. Kraljevich's employment (the "Agreement").[1]

40. In pertinent part, the Agreement stated in sum and substance that: (i) Mr. Kraljevich would receive an annual salary of $180,000 (paid twice a month; i.e., a gross payment of $7,500 per pay period); and (ii) that effective August 1, 2019 (the "Start Date") any copyrightable works Mr. Kraljevich conceived in the performance of his duties as an employee would be considered a work made for hire.

41. Courser thereafter commenced paying Mr. Kraljevich a salary in the gross amount of $7,500 per pay period.

42. Mr. Kraljevich had not previously received financial renumeration for his contributions towards launching the COURSER brand, which in addition to authoring the Shoe Design included designing the brand name and logo, and developing the marketing strategy.

43. Mr. Kraljevich authored the Shoe Design prior to the Start Date, and therefore the work made for hire provision in the Agreement does not apply to the Shoe Design.

44. After execution of the Agreement, the parties continued to work towards launching the COURSER brand and Mr. Kraljevich was lauded for his performance.

45. Towards the end of 2019, the parties were closing in on a finished developed product, based upon the Shoe Design, to ready for production and launch.

---

[1] Mr. Kraljevich has not been able to locate a copy of the Agreement signed by him, but he has a copy signed by Mr. Spiro in his capacity as Courser's Chief Financial Officer.

46. However, in or about November – December 2019, the Individual Defendants began excluding Mr. Kraljevich, claiming that he was under-performing, and that Courser was a family business.

47. For example, Ms. Spiro, who had not worked in footwear for approximately a decade, started cutting Mr. Kraljevich out of meetings; Mr. Kraljevich was denied access to information about the business; and, Mr. Kraljevich stopped receiving payment from Courser in or about November 2019 despite him continuing to work through on or about January 27, 2020.

48. In sum, as the product was nearing launch, Defendants pushed Mr. Kraljevich out of the business.

49. On or about July 8, 2020, Mr. Kraljevich sent Defendants a letter demanding, in sum and substance: (1) that Defendants cease and desist from exploiting his intellectual property absent Courser's execution of an appropriate license or assignment of his copyright; and (2) payment for the work he continued to perform even after Courser stopped paying him in November 2019.

50. Defendants, by counsel, acknowledged receipt of the letter and the parties thereafter agreed to attempt to resolve the dispute in mediation (the "Mediation").

51. The Mediation, which included at least one session on Zoom as well as various subsequent communications with the mediator via email and/or text-message, occurred in or about late October 2020 but ultimately did not result in a resolution of Mr. Kraljevich's claims against Defendants or any type of release, license, or assignment.

52. On information and belief, in or about 2020 Defendants began manufacturing, importing, distributing and selling high-priced athletic shoes that copy and are substantially similar to the Shoe Design (the "Infringing Products").

53. Below is a comparison between elements of Mr. Kraljevich's Shoe Design, and pictures of the Infringing Product (Men's version, in White) from Courser's website [https://courserworld.com/products/uno-men?variant=39572159660164 (last visited November 5, 2021)]:

| Infringing Product | Shoe Design |
|---|---|
|  | |



54. On information and belief, Courser sells the Infringing Products on its website, currently for $535/pair, and in multiple color options (White [Men's], White [Women's], Cyan, Black [Men's], Black [Women's], Acid Green, Pink and Silver).

55. On information and belief, the Infringing Products are manufactured in Italy and then shipped to the United States for warehousing and distribution.

56. In or about December 2020, Mr. Kraljevich learned that Defendants had launched a website (https://courserworld.com) (the "Website") and had begun to publicly market and sell the Infringing Products for $825/pair.

57. The Website includes numerous images of the Infringing Products, it is accessible to the public in this district, and it is interactive.

58. Among the interactive features of the Website are a user's ability to view the Infringing Products, to join a mailing list, to purchase the Infringing Products for shipment to the user, and to link to Courser's social media accounts on Twitter, Facebook and Instagram together, (the "Social Media").  The Website is accessible in this district, and Plaintiff reasonably believes that the Infringing Product has been sold to customers in this district.

59. The Social Media also contains numerous images of the Infringing Products.

60. On or about December 16, 2020, Mr. Kraljevich sent another letter to Defendants attempting to resolve his claims.  After sending the letter, the parties' counsel had a brief conversation concerning whether a resolution could be reached post-Mediation, but after that call Defendants' counsel never contacted Mr. Kraljevich's counsel again despite his counsel following up on January 15 and January 21, 2021.

61. The Infringing Products have been offered for sale by Defendants on the Website at various prices at various times since December 2020, ranging between approximately $535/pair to approximately $825/pair.

62. On information and belief, Defendants have sold the Infringing Products to customers located in this district and shipped the Infringing Products into this district.

63. Defendants are not an assignee of any copyright in the Shoe Design.

64. Defendants are not a licensee of any copyright in the Shoe Design.

65. Any implied license that Defendants may have had (which Mr. Kraljevich does not concede) was terminable at will and terminated no later than Mr. Kraljevich sending the July 2020 cease and desist letter.

66. To the extent that any Defendant is considered a co-author of the Shoe Design (which, again, Mr. Kraljevich does not concede), such Defendant has breached his/her/its obligation to account to Mr. Kraljevich.

### COUNT I – Copyright Infringement - Courser

67. The allegations in paragraph 1 - 66 are repeated and realleged.

68. Courser violated, and is violating, Mr. Kraljevich's exclusive rights under section 106 of the Act and is therefore an infringer of his copyright in the Shoe Design.  17 U.S.C. § 501.

69. Plaintiff owns the copyright in the Shoe Design, and the copyright in the Shoe Design was registered with the United States Copyright Office prior to the commencement of this action.

70. Defendants had access to the Shoe Design at relevant times.

71. From at least December 2020 to the present, Courser willfully infringed Plaintiff's copyright by copying the Shoe Design and manufacturing, importing, and distributing the Infringing Products throughout the United States, including on information and belief selling the Infringing Products to customers located in this district via the Website and publicly displaying the Infringing Products on Courser's interactive Website and Social Media.

72. The Infringing Products are a derivative of the Shoe Design, and are substantially similar to the Shoe Design.

73. Courser was at all relevant times aware that Plaintiff was the dominant author of the Shoe Design when Courser copied, manufactured, distributed, publicly displayed, and prepared derivatives based upon (e.g., physical manifestations of) the Shoe Design.

74. Courser was aware at relevant times that it did not have Plaintiff's authorization or consent to reproduce, distribute, sell, publicly display, or prepare derivative works based upon the Shoe Design.

75. Defendants continued to exploit the Shoe Design after Plaintiff's cease and desist letters and the unsuccessful Mediation.

76. Courser's infringement of Plaintiff's copyrights in the Shoe Design was willful.

77. Courser's infringement of Plaintiff's copyrights in the Shoe Design has caused Plaintiff damages in an amount to be determined.  Plaintiff reserves the right to elect to recover statutory damages (17 U.S.C. § 504) along with other available remedies under the Copyright Act (e.g., attorney's fees, costs, injunctive relief, impounding of infringing materials).

### COUNT II – Vicarious Copyright Infringement – Individual Defendants

78. The allegations in paragraph 1 - 77 are repeated and realleged.

79. The Individual Defendants are secondarily liable for copyright infringement under federal common law because each has played a significant role in the direct infringement.

80. On information and belief, Courser is a closely-held corporation that is owned, operated, and controlled by the Individual Defendants, who are officers of Courser and are (or in the case of Laurie, claim to be) co-founders of the COURSER brand.

81. On information and belief, the Individual Defendants have the right and ability to supervise Courser's infringing activity, and they also have a direct financial interest in such activities.

82. On information and belief, the Individual Defendants profit from Courser's direct infringement while declining to exercise a right to stop or limit the infringement.

83. On information and belief, the Individual Defendants are each a moving, active, conscious force behind Courser's infringement and directly participate in and contribute to the infringement of Mr. Kraljevich's copyright.

84. The Individual Defendants' vicarious infringement of Plaintiff's copyright in the Shoe Design was willful.

85. The Individual Defendants' vicarious infringement of Plaintiff's copyright in the Shoe Design has caused Plaintiff damages in an amount to be determined.  Plaintiff reserves the right to elect to recover statutory damages (17 U.S.C. § 504) along with other available remedies under the Copyright Act (e.g., attorney's fees, costs, injunctive relief, impounding of infringing materials).

### **COUNT III – Contributory Copyright Infringement – Individual Defendants**

86. The allegations in paragraph 1 - 85 are repeated and realleged.

87. The Individual Defendants are secondarily liable for copyright infringement under federal common law because each has played a significant role in the direct infringement.

88. The Individual Defendants, with direct knowledge of Courser's infringing activity, have substantially induced, caused, and materially contributed to Courser's infringing conduct.

89. The Individual Defendants' contributory infringement of Plaintiff's copyright in the Shoe Design was willful.

90. The Individual Defendants' contributory infringement of Plaintiff's copyright in the Shoe Design has caused Plaintiff damages in an amount to be determined.  Plaintiff reserves the right to elect to recover statutory damages, 17 U.S.C. § 504, along with other available remedies under the Copyright Act (e.g., attorney's fees, costs, injunctive relief, impounding of infringing materials).

**COUNT IV – Breach of Contract – Courser**

91. The allegations in paragraph 1 - 66 are repeated and realleged.

92. In the Agreement, Courser agreed to pay Mr. Kraljevich an annual salary of $180,000.

93. After the Start Date, Mr. Kraljevich performed under the Agreement.

94. Courser's last payment to Mr. Kraljevich under the Agreement was on or about November 13, 2019.

95. Mr. Kraljevich continued to perform under the Agreement until on or about January 27, 2020, and Courser breached the Agreement by failing to pay Mr. Courser his salary during that period.

96. Courser's breach of contract caused Mr. Kraljevich to suffer damages in the principal amount of $37,500 (five missed pay periods, at $7,500 per pay period), with interest from November 13, 2019.

**COUNT V – Implied Contract - Defendants**

97. The allegations in paragraph 1 - 66 are repeated and realleged.

98. In the event that the Agreement is deemed terminated at or about the time of Courser's last payment to Plaintiff, Plaintiff nonetheless continued to perform services for Courser, including traveling to Italy for a business trip, and he reasonably expects compensation for the time he spent providing those services.

99. Similarly, in the event that the Shoe Design is deemed a work made for hire (which Mr. Kraljevich does not concede), or the copyright in the Shoe Design is otherwise deemed to be owned or controlled by one or more Defendants, in whole or in part (which, again, Mr. Kraljevich does not concede), then Mr. Kraljevich reasonably expects to receive consideration

14

for his work designing the shoes that are Defendants' primary product, to receive an accounting, and it is against good conscience and equity to allow Defendants to be unjustly enriched by their exploitation of a product that is based upon Mr. Kraljevich's uncompensated work designing the shoe that is the foundation of Defendants' business.

100.    For these implied contract claims (unjust enrichment, quantum meruit), Mr. Kraljevich is entitled to monetary damages in an amount to be determined at trial, plus interest.

WHEREFORE Mr. Kraljevich demands a judgment against Defendants as follows:

A.    On his first cause of action (copyright infringement), awarding Plaintiff a monetary judgment against Courser in the amount of his actual damages and all global profits of Courser that are attributable to the infringement and are not taken into account in computing the actual damages, in an amount to be determined; or alternatively, if elected by Plaintiff before final judgment is rendered, maximum statutory damages for Courser's willful copyright infringements;

B.    On his second cause of action (vicarious copyright infringement), awarding Plaintiff a monetary judgment against the Individual Defendants, jointly and severally, in the amount of Plaintiff's actual damages and all global profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages, in an amount to be determined; or alternatively, if elected by Plaintiff before final judgment is rendered, maximum statutory damages for the Individual Defendants' willful copyright infringements;

C.    On his third cause of action (contributory copyright infringement), awarding Plaintiff a monetary judgment against the Individual Defendants, jointly and severally, in the

amount of Plaintiff's actual damages and all global profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages, in an amount to be determined; or alternatively, if elected by Plaintiff before final judgment is rendered, maximum statutory damages for the Individual Defendants' willful copyright infringements;

D.      On his fourth cause of action (breach of contract), a monetary award against Courser in the amount of $37,500, with interest from November 13, 2019;

E.      On his fifth cause of action (implied-contract), a monetary award against Defendants, jointly and severally, in an amount to be determine at trial, with interest;

F.      Permanently enjoining Defendants from copying the Shoe Design (17 U.S.C. § 502), and from manufacturing, importing, distributing, and selling the Infringing Products and any other shoes or other products derived from, based upon, or otherwise substantially similar to the Shoe Design;

G.      Ordering the destruction or other reasonable disposition of all of the Infringing Products, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of items infringing the Shoe Design may be reproduced (17 U.S.C.§ 503);

H.      Awarding Plaintiff his full costs and attorney's fees (17 U.S.C. § 505); and

I.      Granting Plaintiff such other and further relief as the Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on all the issues so triable.  This request is without prejudice to, or waiver of, Plaintiff's right to move for judgment on all issues that may be decided by the Court.

Dated: November 5, 2021

J. GREENBERGER, PLLC
*Counsel for Plaintiff*

 /s/ Jordan Greenberger
Jordan Greenberger, Esq.
*Mailing*: 41 Watchung Plaza, #334, Montclair, NJ 07042
NY: 500 7th Ave., 8th Fl., New York, NY 10018
Tel: (718) 502-9555
jordan@jgreenbergerlaw.com