# EXHIBIT C

# RESIDENTIAL LEASE FOR APARTMENT OR UNIT IN MULTI-FAMILY RENTAL HOUSING (OTHER THAN A DUPLEX) INCLUDING A MOBILE HOME, CONDOMINIUM, OR COOPERATIVE (FOR A TERM NOT TO EXCEED ONE YEAR)

(Not To Be Used For Commercial, Agricultural, or Other Residential Property)

WARNING: IT IS VERY IMPORTANT TO READ ALL OF THE LEASE CAREFULLY. THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS.

AN ASTERISK (*) OR A BLANK SPACE (_____) INDICATES A PROVISION WHERE A CHOICE OR A DECISION MUST BE MADE BY THE PARTIES.

NO CHANGES OR ADDITIONS TO THIS FORM MAY BE MADE UNLESS A LAWYER IS CONSULTED.

**I. TERMS AND PARTIES.** This is a lease (the "Lease") for a period of __12__ months (the "Lease Term"), beginning __December 6, 2021__ (month, day, year) and ending __December 6, 2022__ (month, day, year), between __Keith B Marks & Sonia Toth__ (name of owner of the property) and __LM Brands Ltd / Michael Petry / Laurie Spiro__ (name(s) of person(s) to whom the property is leased).

(In the Lease, the owner, whether one or more, of the property is called "Landlord." All persons to whom the property is leased are called "Tenant.")

Landlord's E-mail Address: _____
Landlord's Telephone Number: _____
Tenant's E-mail Address: soniatoth@hotmail.com
Tenant's Telephone Number: (786)351-0808

**II. PROPERTY RENTED.** Landlord leases to Tenant apartment or unit no. __2803__ in the building located at __3131 NE 7th Ave__ (street address), known as __One Paraiso__ (name of apartment or condominium), __Miami__ (city), Florida __33137__ (zip code), together with the following furniture and appliances: Appliances, automated shades and light fixtures

[List all furniture and appliances. If none, write "none."] (In the Lease, the property leased, including furniture and appliances, if any, is called "the Premises.")

**III. COMMON AREAS.** Landlord grants to Tenant permission to use, during the Lease Term, along with others, the common areas of the building and the development of which the Premises are a part.

**IV. RENT PAYMENTS AND CHARGES.** Tenant shall pay rent for the Premises in installments of $8,500.00 each on the __06__ day of each __month__ [month, week] (a "Rental Installment Period," as used in the Lease, shall be a month if rent is paid monthly, and a week if rent is paid weekly.) Tenant shall pay with each rent payment all taxes imposed on the rent by taxing authorities. The amount of taxes payable on the beginning date of the Lease is $0.00 for each installment. The amount of each installment of rent plus taxes ("the Lease Payment"), as of the date the Lease begins, is $8,500.00. Landlord will notify Tenant if the amount of the tax changes. Tenant shall pay the rent and all other charges required to be paid under the Lease by cash, valid check, or money order. Landlord may appoint an agent to collect the Lease Payment and to perform Landlord's obligations.

Tenant (MP) (LS) and Landlord (MP) (X) acknowledge receipt of a copy of this page, which is Page 1 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250

Form Simplicity

Unless this box ☐ is checked, the Lease Payments must be paid in advance beginning _____.
(date)
If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from _____ through _____ in the amount of $_____ and shall be due
(date) (date)
on _____. (If rent paid monthly, prorate on a 30-day month.)
(date)

**V. DEPOSITS, ADVANCE RENT, AND LATE CHARGES.** In addition to the Lease Payments described above, Tenant shall pay the following: (check only those items that apply)

☒ a security deposit of $ 8,500.00 to be paid upon signing the Lease.

☒ advance rent in the amount of $ 17,000.00 for the Rental Installment Periods of First & Last Months to be paid upon signing the Lease.

☐ a pet deposit in the amount of $_____ to be paid upon signing the Lease.

☒ a late charge in the amount of $ 300.00 for each Lease Payment made more than 2 days after the date it is due.

☒ a bad check fee in the amount $ 300.00 (not to exceed $20.00 or 5% of the Lease Payment, whichever is greater) if Tenant makes any Lease Payment with a bad check. If Tenant makes any Lease Payment with a bad check, Landlord can require Tenant to pay all future Lease Payments in cash or by money order.

☒ Other: $8,500.00 Refundable Security Deposit to Association

☐ Other: _____

**VI. SECURITY DEPOSITS AND ADVANCE RENT.** If Tenant has paid a security deposit or advance rent the following provisions apply:
  A. Landlord shall hold the money in a separate interest-bearing or non-interest-bearing account in a Florida banking institution for the benefit of Tenant. If Landlord deposits the money in an interest-bearing account, Landlord must pay Tenant interest of at least 75% of the annualized average interest paid by the bank or 5% per year simple interest, whichever Landlord chooses. Landlord cannot mix such money with any other funds of Landlord or pledge, mortgage, or make any other use of such money until the money is actually due to Landlord; or
  B. Landlord must post a surety bond in the manner allowed by law. If Landlord posts the bond, Landlord shall pay Tenant 5% interest per year.
  At the end of the Lease, Landlord will pay Tenant, or credit against rent, the interest due to Tenant. No interest will be due Tenant if Tenant wrongfully terminates the Lease before the end of the Lease Term.
  C. If Landlord rents 5 or more dwelling units, then within 30 days of Tenant's payment of the advance rent or any security deposit, Landlord must notify Tenant in writing of the manner in which Landlord is holding such money, the interest rate, if any, that Tenant will receive, and when such payments will be made.

**VII. NOTICES.** _____Sonia Toth_____ is Landlord's ~~Agent~~. All notices to Landlord and all
(name)
Lease Payments must be sent to Landlord's Agent at _____50 S Pointe Dr 904 Miami Beach FL 33139_____
(address)
unless Landlord gives Tenant written notice of a change. Landlord's Agent may perform inspections on behalf of Landlord, subject to Article XII below. All notices to Landlord shall be given by certified mail, return receipt requested, or by hand delivery to Landlord or Landlord's Agent.

Any notice to Tenant shall be given by certified mail, return receipt requested, or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at the Premises.

**VIII. USE OF PREMISES.** Tenant shall use the Premises only for residential purposes. Tenant also shall obey, and require anyone on the Premises to obey, all laws and any restrictions that apply to the Premises. Landlord will give Tenant notice of any restrictions that apply to the Premises.

If the Premises are located in a condominium or cooperative development, the Lease and Tenant's rights under it, including as to the common areas, are subject to all terms of the governing documents for the project, including, without limitation, any Declaration of Condominium or proprietary lease, and any restrictions, rules, and regulations now existing or hereafter adopted, amended, or repealed.

Tenant (_MB_) (_LS_) and Landlord (___) (___) acknowledge receipt of a copy of this page, which is Page 2 of 18.

RLAUCC-1x Rev 7/16 Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250

Form Simplicity

Unless this box ☐ is checked, Landlord may adopt, modify, or repeal rules and regulations for the use of common areas and conduct on the Premises during the Lease Term. All rules and regulations must be reasonable and in the best interest of the development in which the Premises are located.

Occasional overnight guests are permitted. An occasional overnight guest is one who does not stay more than _____ nights in any calendar month (If left blank, 7). Landlord's written approval is required to allow anyone else to occupy the Premises.

Unless this box ☐ is checked or a pet deposit has been paid, Tenant may not keep or allow pets or animals on the Premises without Landlord's approval of the pet or animal in writing.

Unless this box ☐ is checked, no smoking is permitted in the Premises.

Tenant shall not keep any dangerous or flammable items that might increase the danger of fire or damage on the Premises without Landlord's consent.

Tenant shall not create any environmental hazards on or about the Premises.

Tenant shall not destroy, deface, damage, impair, or remove any part of the Premises belonging to Landlord, nor permit any person to do so.

Tenant may not make any alterations or improvements to the Premises without first obtaining Landlord's written consent to the alteration or improvement. However, unless this box ☐ is checked, Tenant may hang pictures and install window treatments in the Premises without Landlord's consent, provided Tenant removes all such items before the end of the Lease Term and repairs all damage resulting from the removal.

Tenant must act, and require all other persons on the Premises to act, in a manner that does not unreasonably disturb any neighbors or constitute a breach of the peace.

**IX. MAINTENANCE.** Landlord and Tenant agree that the maintenance of the Premises must be performed by the person indicated below:

    A. Landlord's Required Maintenance. Landlord will comply with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall maintain and repair the roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keep the plumbing in reasonable working order. If the Premises are located in a condominium, Landlord and Tenant acknowledge that the maintenance of the structural elements and common areas is performed by the condominium association as part of the common area maintenance. Landlord shall assure that the association complies with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall assure that the association maintains and repairs roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keeps the plumbing in reasonable working order. Landlord will be responsible for the maintenance of any items listed above for which the association is not responsible.

    B. Elective Maintenance. Fill in each blank space in this section with Landlord or Tenant to show who will take care of the item noted. If a space is left blank, Landlord will be required to take care of that item (or assure that the association takes care of the items if the Premises are located in a condominium).

| | | |
|---|---|---|
| ☒ Landlord ☐ Tenant | Smoke Detectors |
| ☒ Landlord ☐ Tenant | Extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs |
| ☐ Landlord ☒ Tenant | Locks and keys |
| ☒ Landlord ☐ Tenant | Clean and safe condition of outside areas |
| ☒ Landlord ☐ Tenant | Garbage removal and outside garbage receptacles |
| ☒ Landlord ☐ Tenant | Running water |
| ☒ Landlord ☐ Tenant | Hot water |
| ☒ Landlord ☐ Tenant | Lawn |
| ☒ Landlord ☐ Tenant | Heat |
| ☒ Landlord ☐ Tenant | Air conditioning |
| ☐ Landlord ☐ Tenant | Furniture |
| ☒ Landlord ☐ Tenant | Appliances |
| ☐ Landlord ☒ Tenant | Fixtures |
| ☒ Landlord ☐ Tenant | Pool (including filters, machinery, and equipment) |
| ☐ Landlord ☒ Tenant | Heating and air conditioning filters |
| ☐ Landlord ☐ Tenant | Other: _____ |

Tenant's responsibility, if any, indicated above, shall not include major maintenance or major replacement of equipment.

Landlord shall be responsible for major maintenance or major replacement of equipment, except for equipment for which Tenant has accepted responsibility for major maintenance or major replacement in the previous paragraph.
Major maintenance or major replacement means a repair or replacement that costs more than $ 100.00 _____.

Tenant (MB) (LS) and Landlord (✗) (✗) acknowledge receipt of a copy of this page, which is Page 3 of 18.

RLAUCC-1x    Rev 7/16    Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250

Form Simplicity

Tenant shall be required to vacate the Premises on 7 days' written notice, if necessary, for extermination pursuant to this subparagraph. When vacation of the Premises is required for extermination, Landlord shall not be liable for damages but shall abate the rent.

Nothing in this section makes Landlord responsible for any condition created or caused by the negligent or wrongful act or omission of Tenant, any member of Tenant's family, or any other person on the Premises with Tenant's consent.

    C.    Tenant's Required Maintenance. At all times during the Lease Term, Tenant shall:
1. comply with all obligations imposed upon tenants by applicable provisions of building, housing, and health codes;
2. keep the Premises clean and sanitary;
3. remove all garbage from the dwelling unit in a clean and sanitary manner;
4. keep all plumbing fixtures in the dwelling unit clean, sanitary, and in repair; and
5. use and operate in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators.

**X. UTILITIES.** Tenant shall pay all charges for hook-up, connection, and deposit for providing all utilities and utility services to the Premises during the Lease Term except _____, which Landlord agrees to provide at Landlord's expense. (Specify any utilities to be provided and paid for by Landlord such as water, sewer, oil, gas, electricity, telephone, garbage removal, etc.).

**XI. SERVICEMEMBER.** If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**XII. LANDLORD'S ACCESS TO PREMISES.** Landlord or Landlord's Agent may enter the Premises in the following circumstances:

A. At any time for the protection or preservation of the Premises.
B. After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.
C. To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:
1. with Tenant's consent;
2. in case of emergency;
3. when Tenant unreasonably withholds consent; or
4. if Tenant is absent from the Premises for a period of at least one-half a Rental Installment Period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant's consent or for the protection or preservation of the Premises.)

**XIII. PROHIBITED ACTS BY LANDLORD.** Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**XIV. CASUALTY DAMAGE.** If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant's consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant's liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.

**XV. DEFAULTS/REMEDIES.** Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on defaults and remedies. A copy of the current version of this Act is attached to the Lease.

**XVI. ASSIGNMENT AND SUBLEASING.** Unless this box ☐ is checked, Tenant may not assign the Lease or sublease all or any part of the Premises without first obtaining Landlord's written approval and consent to the assignment or sublease.

**XVII. RISK OF LOSS.** Subject to the next sentence, Landlord shall not be liable for any loss by reason of damage, theft, or otherwise to the contents, belongings, and personal effects of the Tenant, or Tenant's family, agents, employees, guests, or visitors. Landlord shall not be liable if such damage, theft, or loss is caused by Tenant, Tenant's family, agents, employees, guests, or visitors. Nothing contained in this provision shall relieve Landlord or Tenant from responsibility for loss, damage, or injury caused by its own negligence or willful conduct.

**XVIII. SUBORDINATION.** The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.

**XIX. LIENS.** The interest of the Landlord shall not be subject to liens for improvements by the Tenant as provided in Section 713.10, Florida Statutes. Tenant shall notify all parties performing work on the Premises at Tenant's request that the Lease does not allow any liens to attach to Landlord's interest.

Tenant (_MR_) (_LS_) and Landlord (___) (___) acknowledge receipt of a copy of this page, which is Page 4 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250


Form Simplicity

**XX. APPROVAL CONTINGENCY.** If applicable, the Lease is conditioned upon approval of Tenant by the association that governs the Premises. Any application fee required by an association shall be paid by ☐ Landlord ☒ Tenant. If such approval is not obtained prior to commencement of Lease Term, either party may terminate the Lease by written notice to the other given at any time prior to approval by the association, and if the Lease is terminated, Tenant shall receive return of deposits specified in Article V, if made. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Tenant agrees to use due diligence in applying for association approval and to comply with the requirements for obtaining approval. ☐ Landlord ☒ Tenant shall pay the security deposit required by the association, if applicable.

**XXI. RENEWAL/EXTENSION.** The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but in no event may the total Lease Term exceed one year. A new lease is required for each year.

**XXII. LEAD-BASED PAINT.** ☐ Check and complete if the dwelling was built before January 1, 1978. **Lead Warning Statement** (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant)

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.

**Lessor's Disclosure (initial)**

_____(a) Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):
　　　　(i) ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).

_____
_____

　　　　(ii) ☐ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.
_____(b) Records and reports available to the Lessor (check (i) or (ii) below):
　　　　(i) ☐ Lessor has provided the Lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).

_____
_____

　　　　(ii) ☐ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial)**

_____(c) Lessee has received copies of all information listed above.
_____(d) Lessee has received the pamphlet *Protect Your Family From Lead in Your Home.*

**Agent's Acknowledgment (initial)**

_____(e) Agent has informed the Lessor of the Lessor's obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| Lessor's signature | Date | Lessor's signature | Date |
| Lessee's signature | Date | Lessee's signature | Date |
| Agent's signature | Date | Agent's signature | Date |

Tenant (MP) (LS) and Landlord (___) (___) acknowledge receipt of a copy of this page, which is Page 5 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250


Form Simplicity

**XXIII. ATTORNEYS' FEES.** In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorneys' fees, from the non-prevailing party.

**XXIV. MISCELLANEOUS.**
    A. Time is of the essence of the performance of each party's obligations under the Lease.
    B. The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.
    C. The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.
    D. No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.
    E. All questions concerning the meaning, execution, construction, effect, validity, and enforcement of the Lease shall be determined pursuant to the laws of Florida.
    F. The place for filing any suits or other proceedings with respect to the Lease shall be the county in which the Premises is located.
    G. Landlord and Tenant will use good faith in performing their obligations under the Lease.
    H. As required by law, Landlord makes the following disclosure: "RADON GAS." Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department.

**XXV. TENANT'S PERSONAL PROPERTY.** TENANT MUST INITIAL IN THIS BOX [____] FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.

The Lease has been executed by the parties on the dates indicated below.

_____  _____
Landlord's Signature                                                    Date

_____  _____
Landlord's Signature                                                    Date

_____  _____
Tenant's Signature                                                      Date   12/02/21

_____  _____
Tenant's Signature                                                      Date   12/02/21

This form was completed with the assistance of:

Name of Individual: _____
Name of Business: _____
Address: _____
Telephone Number: _____

Copy of Current Version of Florida Residential Landlord and Tenant Act, Part II, Chapter 83, Florida Statutes to Be Attached

Tenant (MR) (LS) and Landlord (___) (___) acknowledge receipt of a copy of this page, which is Page 6 of 18.

RLAUCC-1x  Rev 7/16  Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250


Form Simplicity

## Early Termination Fee/Liquidated Damages Addendum

[ ] I agree, as provided in the rental agreement, to pay $ _____ (an amount that does not exceed two months' rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.

[X] I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.

_____  _____
Landlord's Signature                     Date  12/02/21

_____  _____
Landlord's Signature                     Date  12/02/21

_____Michael Petry_____  _____
Tenant's Signature                       Date  12/03/21

_____Laurie Spiro_____  _____
Tenant's Signature                       Date  12/03/21

Tenant (MP)(LS) and Landlord ( )( ) acknowledge receipt of a copy of this page, which is Page 7 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.
Serial#: 011365-300163-8539250

Form Simplicity